IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| W.M. BARR & COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> DUMOND, INC., <br><br> Defendant. | Civil Action No. 3:22-cv-447 |

**DUMOND, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO TRANSFER TO THE
<u>EASTERN DISTRICT OF PENNSYLVANIA</u>**

## BOTTOM LINE UP FRONT

Defendant Dumond, Inc. ("Dumond") is not subject to general jurisdiction because it is not "home" in North Carolina. Specific jurisdiction is also lacking because Dumond has not purposefully availed itself of the forum and this suit does not arise from the contacts identified by Barr. The Court should dismiss for lack of personal jurisdiction or transfer to the Eastern District of Pennsylvania.

## KEY FACT

Dumond's Smart 'n Easy™ Citrus Paint & Varnish Remover Gel (the "Accused Product") is not sold in any North Carolina retail stores. (ECF 17-1. "Grear Decl." at ¶¶ 12, 13, 18). Barr's Reponse conflates the Accused Product with Dumond's *other* products to fabricate jurisdiction. (*See e.g.*, Resp. at 1, 8, 9). But the only way that the Accused Product can reach North Carolina is through sale on Amazon.com or Dumond's website, neither of which target North Carolina residents. Barr's efforts to equate the Accused Product with "Defendant's products" generally to manufacture jurisdiction should be rejected.

## ARGUMENT

I. **Dumond Is Not Subject to Personal Jurisdiction in North Carolina**.

    A. **General Jurisdiction is Lacking Because Dumond is Not "At Home" in North Carolina.**

"Court[s] may exercise general jurisdiction only [where] a defendant is essentially at home." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). A corporation is "essentially at home" in its "place of incorporation and principal place of business." *Id.* (citing *Daimler AG v. Bauman*, 571 U,S, 117, 137 (2014). Dumond is incorporated in New York and its principal place of business is in Pennsylvania. (Grear Decl. ¶¶ 1, 6).

Barr's exact argument (Resp. at 8) was rejected by the Supreme Court in *Daimler*. 571 U.S.

1

at 138, 139 n.20 (rejecting as "unacceptably grasping" the claim that general jurisdiction exists "in every state in which a corporation engages in a substantial, continuous, and systematic course of business" otherwise "'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States");[1] *see also Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 134 (4th Cir. 2020). Dumond is not subject to general jurisdiction in the forum.

**B.     This Court Lacks Specific Jurisdiction Over Dumond.**

For specific jurisdiction, Courts must consider (1) purposeful availment; (2) whether plaintiffs' claims arise out of that availment; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. *Carefirst of Maryland, Inc.* v. *Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003).

First, Barr argues that Dumond purposefully avails itself of the forum because its website permits users to see North Carolina retail stores where the Accused Product is not purchasable. (Resp. at 3–5). This argument is a nonstarter. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 931, n.6 (2011) ("Even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales"). Barr's citation to inapposite cases applying Federal Circuit law—and where the accused products were physically purchasable in the forum—do nothing to change this. (Resp. at ¶¶ 4, 5).[2]

Second, Dumond's website is no different than that in *Fidrych*, a Fourth Circuit case that postdates *O'Donnell*. In *Fidrych*, Marriot operated ninety hotels in the forum and had a website that permitted anyone to make a booking. 952 F.3d at 134. But as in *Fidrych*, Dumond "does not

---

[1] Sales of $227 from Dumond's own website and $34,974 via Amazon cannot reasonably be called "a substantial, continuous, and systematic course of business." (Grear Decl. ¶¶ 12, 13, 18).
[2] Barr also suggests that Dumond "conspicuously omit[ted]" sales of the Accused Product to third-party retailer ContractorsWholesaleSupplies.com (Resp. at 3 n.2). But this retailer is in *South* Carolina, not *North* Carolina. (Trimmer Decl. at ¶ 3).

2

use [the website] to target" forum residents "in particular." *Id.* at 143. "The general availably of a website to [forum] residents thus does not create the substantial connection to [the forum] necessary to support the exercise of jurisdiction." *Id.*

Third, Barr's claim must, and does not, "arise out of the activities directed at the forum." *Consulting Eng'r Corp. v. Geometric Ltd.*, 561 F.3d 273, 278–79 (4th Cir. 2009). This claim requires proving consumers are confused about the Accused Product—not Dumond's products in general. The sale of Dumond's other products have no bearing on consumer confusion regarding the Accused Product. *Goodyear*, 564 U.S. at 927 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945) "[a] corporation's continuous activity of some sorts within a state … is not enough to support the demand that the corporation be amenable to suits unrelated to that activity"). The Complaint also fails to allege that any forum residents have actually been confused. Barr's declarations (from its own counsel), at most, state that "Dumond's products" (*c.f.* the Accused Product) are sold in the District (Byrd Decl. ¶¶ 13-14; Trimmer Decl. ¶¶ 9-19).

### C. The Court Should Not Create Universal Online Personal Jurisdiction.

Barr alternatively posits that a single online sale into the forum suffices for specific jurisdiction. (Resp. at 1 ("it only takes one")). Barr cites one patent case—*Akeva v. Mizuno Corp.*—that applies Federal Circuit law, predates modern e-commerce, and mentions this hypothetical in dicta. 199 F. Supp.2d 336, 340 (M.D.N.C. 2002). Barr cites no case *applying* this purported "key principle of specific jurisdiction." (*Id*. at 3); *c.f. Ford*, 141 S.Ct. at 1028 (specific jurisdiction's "essential foundation" is "a strong relationship among the defendant, the forum, and the litigation" which Ford satisfied by "every [advertising] means imaginable"). Dumond does not target forum citizens with *any* advertising. (Grear Decl. ¶ 10).

The Seventh Circuit recently rejected that a "plaintiff could bring suit in literally any state

were defendant shipped at least one item" because it would be "*de facto* universal jurisdiction" which "runs counter to the approach the Court has followed since *International Shoe*." *Adv. Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801–02 (7th Cir. 2014), *as corrected* (May 12, 2014);[3] *see also Annie Oakley Enters. Inc. v. Rise-N-Shine LLC*, 2021 WL 2915352, at *3 (S.D. Ind. Mar. 23, 2021) ("[i]f those few sales bring [Defendant] within the jurisdiction of this court, absent any evidence of advertising or marketing, that would subject [Defendant] to jurisdiction in any forum where a handful of customers purchased an infringing product").

Under Barr's rule, personal jurisdiction exists anywhere (1) a single product is purchased and (2) a defendant postulates (without support) that those citizens are "likely to be confused." (Compl. at ¶ 34). This offends "traditional notions of fair play and substantial justice" because no nationwide e-commerce vendor can "structure [its] primary conduct to lessen or avoid exposure to a given State's courts." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The Court should reject Barr's formulation as "unacceptably grasping." *Daimler*, 571 U.S. at 137.

## II. Alternatively, this Court Should Transfer to the Eastern District of Pennsylvania.

If the case is not dismissed, then transfer to the Eastern District of Pennsylvania is warranted on convenience and public interest grounds. Barr's forum choice is entitled to little weight because Barr's claim has minimal connection to this forum. *Bannister v. Wal-Mart Stores East, L.P.*, 843 F. Supp. 2d 610, 615 (E.D.N.C. 2012) ("The deference given to a plaintiff's choice of forum is proportionate to the relationship between the forum and the cause of action"); *see also* Grear Decl. ¶¶ 14, 15. The presence of Barr's sister company in North Carolina does not make up

---

[3] The Fourth Circuit cited this case favorably in *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 143 (4th Cir. 2020) (no jurisdiction despite operating 90 hotels there).

for Barr's absence in the forum. *Saint-Gobain Calmar, Inc. v. Nat'l Prods. Corp.*, 230 F. Supp. 2d 655, 659-60 (E.D. Pa. 2002) (rejecting plaintiff's attempt to "bootstrap its connection to this forum" based on parent company residing in the forum); *see also Husqvarna AB v. Toro Co.*, 2015 WL 3908403, at *3 (W.D.N.C. June 25, 2015).

While Barr asserts that "many of Barr's relevant [employee] witnesses reside in North Carolina" (Resp. at 13), Barr has made the focus of its Complaint Dumond—specifically Dumond's development, marketing and sale of Dumond's Accused Product. (*See, e.g.*, Compl. ¶ 1, 25-38). Because witnesses and documents relevant to the development, marketing and sale of the Accused Product are largely located in Pennsylvania, and not North Carolina, the "access to evidence" factor strongly favors transfer. Barr has not identified any relevant third parties located in North Carolina, so the "compulsory process for witnesses" factor also does not weigh against transfer. As such, the convenience factors favor transfer to Pennsylvania. Because the remaining interest of justice factors are either equal or slightly favor transfer, this case should alternatively be transferred to the Eastern District of Pennsylvania.

## **CONCLUSION**

For these reasons, Dumond respectfully requests that the Court grant its motion and dismiss Barr's Complaint, or alternatively, transfer this action to the Eastern District of Pennsylvania.

This 17th day of November, 2022.

                              **NEXSEN PRUET, PLLC**

                              /s/ Seth L. Hudson
                              Seth L. Hudson
                              N.C. Bar No. 32259
                              Sarah Ashley Barnett
                              N.C. Bar No. 52018
                              227 West Trade Street, Suite 1550
                              Charlotte, NC 28202
                              Phone: (704) 338-5307
                              Fax: (704) 805-4715
                              shudson@nexsenpruet.com
                              sbarnett@nexsenpruet.com
                              *Attorneys for Defendant Dumond, Inc.*


                              Jared B. Briant (*admitted PHV*)
                              FAEGRE DRINKER BIDDLE & REATH LLP
                              1144 15th Street, Suite 3400
                              Denver, CO 80202
                              Phone: (303) 607-3500
                              Fax: (303) 607-3600
                              jared.briant@faegredrinker.com

                              David R. Merritt (*admitted PHV*)
                              FAEGRE DRINKER BIDDLE & REATH LLP
                              2200 Wells Fargo Center
                              Minneapolis, MN 55402
                              Phone: (612) 766-7105
                              Fax: (612) 766-1600
                              david.merritt@faegredrinker.com

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing document was electronically filed via the Court's CM/ECF system, which will send electronic notification to counsel of record at the following addresses:

>Christina Davidson Trimmer
>Christian H. Staples
>Lucas D. Garber
>Tom BenGera
>**Shumaker Loop & Kendrick, LLP**
>101 S. Tryon St., Ste. 2200
>Charlotte, NC 28280
>Phone: (704) 945-2151
>ctrimmer@shumaker.com
>cstaples@shumaker.com
>lgarber@shumaker.com
>tbengera@shumaker.com
>*Attorneys for Plaintiff W.M. Barr & Company, Inc.*

This 17th day of November, 2022.

>**NEXSEN PRUET, PLLC**
>
>/s/ Seth L. Hudson
>Seth L. Hudson
>N.C. Bar No. 32259
>Sarah Ashley Barnett
>N.C. Bar No. 52018
>227 West Trade Street, Suite 1550
>Charlotte, NC 28202
>Phone: (704) 338-5307
>Fax: (704) 805-4715
>shudson@nexsenpruet.com
>sbarnett@nexsenpruet.com
>*Attorneys for Defendant Dumond, Inc.*